**UNITED STATES**

v.

**Richard MAACK, Defendant.**

**Criminal Action No. 98–201.**

United States District Court,
E.D. Pennsylvania.

Oct. 22, 1998.

Robert Reed, Philadelphia, PA, for Plaintiff.

John E. Riley, Vaira and Riley, P.C., Philadelphia, PA, for Defendants.

*MEMORANDUM AND ORDER*

KATZ, District Judge.

On April 29, 1998, Richard Maack entered a guilty plea before this court on two counts of mail fraud, two counts of wire fraud, and one count of bank fraud. *Pending sentencing* on these counts, this court ordered the defendant released on bail. *See* Order of the Court dated April 29, 1998. That order specifically included as a condition of release that "defendant shall not commit a federal, state or local crime during the period of release." On October 14, 1998, prior to sentencing, the defendant was charged by Complaint and Warrant with committing a new federal crime. The government now moves for revocation of bail pursuant to 18 U.S.C. § 3148.

The court finds that there is probable cause to believe that the defendant committed bank fraud in violation of 18 U.S.C. § 3142(e) while on release. *See* 18 U.S.C. § 3148(b)(1)(A). This finding is based on the affidavit presented by the government from Mary Beth Kepner, Special Agent of the FBI, in which she details the bases for the new charges against the defendant. Specifically, Agent Kepner describes a scheme by which Mr. Maack stole checks from Brandywine Asset Management and Brandywine Securities, forged the signature of the owner of the companies, and credited those funds to his own credit card account. *See* Aff. in Support of an Arrest Warrant.

The court also finds that, based on the factors articulated in 18 U.S.C. § 3142(g), that there is no condition or combination of conditions of release that will assure that this defendant will not flee or pose a danger to the community. *See* 18 U.S.C. § 3148(b)(2)(A); *see also United States v. Concepcion*, 1996 WL 146107, *1 (E.D.Pa. Apr.1, 1996) (applying preponderance standard). Moreover, the court finds it unlikely that the defendant will abide by any condition or combination of conditions of release. *See* 18 U.S.C. § 3148(b)(2)(B). The new bank fraud crime allegedly occurred during the defendant's period of bail release pending sentencing on a previous, similar crime; the fact that the defendant apparently continued his fraudulent activities while released so as to permit cooperation with the government does not speak well of the defendant's willingness or ability to comply with the basic terms of his release. Additionally, the evidence presented in the form of affidavit against Mr. Maack in this new charge is a strong factor in favor of revoking his release pending sentencing. Mr. Maack faces expo-

sure to heavy Guidelines' sentences in both the crimes to which he pled guilty and the new crime with which he is now charged. Unsurprisingly, the Government has indicated that it will not make a 5K1.1 motion with respect to the crimes to which Mr. Maack pled guilty. These factors create a substantial incentive for the defendant to flee prior to his sentencing.

Based upon these findings, there is a rebuttable presumption that no condition or combination of conditions will assure that the defendant will not pose a danger to the community through continued criminal actions. *See* 18 U.S.C. § 3148(b). The defendant has been unable to satisfy his burden of rebutting this presumption by clear and convincing evidence under 18 U.S.C. § 3143(a) that he is not likely to flee or pose a danger to the community. As the court finds that there are no conditions of release that will assure that this defendant will not either flee or continue to commit criminal activities pending his sentencing, *see* 18 U.S.C. § 3148(b), this court will order revocation of the defendant's bail and will order his detention pending sentencing on the offenses to which he pled guilty and pending trial on the new charges.